*E. H. Bennett & H. Kingman*, for the plaintiffs.
*J. White & R. D. Smith*, for the defendants.

---

COMMONWEALTH *vs.* HOUSATONIC RAILROAD COMPANY.

Berkshire.    Sept. 14, 1886. — Jan. 7, 1887.   DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

The St. of 1885, c. 338, § 2, providing that the board of railroad commissioners may fix a maximum charge and rate for any freight received in this Commonwealth by a certain railroad corporation for transportation to and delivery at any other point or place, and for any freight received by said corporation at any point or place for transportation to and delivery at any place in the Commonwealth, that such order shall be binding upon the corporation, and that the corporation shall not receive or demand any greater sum for such transportation and delivery

than the amount so fixed as a maximum, and an order of the railroad commissioners, passed under the authority of the statute, fixing the maximum rates which the corporation might charge for the transportation of certain kinds of freight between various points or places in this Commonwealth and other points or places in another State, are in conflict with the Constitution of the United States, art. 1, § 8, providing that Congress shall have the exclusive power to regulate "commerce among the several States," and are invalid.

TORT, in ten counts, to recover the penalties provided by the Pub. Sts. *c.* 112, § 191, for several violations by the defendant corporation of an order passed by the board of railroad commissioners, under the St. of 1885, *c.* 338. The case was submitted to the Superior Court, and, after judgment for the plaintiff in the sum of $2000, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*G. F. Hoar*, for the plaintiff.

*J. Dewey*, for the defendant.

MORTON, C. J. The St. of 1885, *c.* 338, provides, in § 2, that the board of railroad commissioners "may fix a maximum charge and rate for any freight received in Massachusetts by said Housatonic Railroad Company for transportation to and delivery at any other point or place, and for any freight received by said company at any point or place for transportation to and delivery at any place in Massachusetts. And such order shall be binding upon said company. And said Housatonic Railroad Company shall not receive or demand any greater sum for such transportation and delivery than the amount so fixed as a maximum." As § 1 provides for fixing rates between any points in Massachusetts, we think it clear that the purpose of the second section was to provide for fixing rates between points outside the State and points within the State. Otherwise, it is useless. Section 4, by reference to the Pub. Sts. *c.* 112, § 191, provides a penalty for any violation of the statute, to be recovered in an action of tort.

Acting under the authority of this statute, the railroad commissioners, on July 25, 1885, passed an order fixing the maximum rates which the Housatonic Railroad Company might charge for the transportation of certain kinds of freight between various points or places in the State of Massachusetts and other points or places in the State of Connecticut.

This action is brought to recover the penalties provided by the statutes for several violations of this order by the defendant

corporation, each count alleging that the defendant unláwfully charged and received more than the maximum rate fixed by the order for the transportation of the freight therein named between Lee in the State of Massachusetts and Bridgeport in the State of Connecticut.

The defendant contends that § 2 of the statute is invalid, because it violates § 8 of the first article of the Constitution of the United States, which provides that Congress shall have the exclusive power to regulate " commerce among the several States."

This question is conclusively settled by a recent decision of the Supreme Court of the United States, promulgated since the case at bar was argued. A statute of the State of Illinois enacts that, if any railroad company shall charge or receive for the transportation of passengers or freight of the same class for any distance within the State, the same or a greater sum than is at the same time charged for the transportation in the same direction of any passenger or like quantity of freight of the same class over a greater distance of the same railroad, it shall be liable to a penalty. A suit was brought in Illinois to recover the penalty for violating this provision, the declaration alleging that the defendant charged certain persons fifteen cents per hundred pounds for carrying a load of freight from Peoria, in the State of Illinois, to New York, one hundred and nine miles of the distance being in Illinois, while at the same time it charged certain other persons twenty-five cents per hundred pounds for carrying a like load of the same class of freight from Gilman, in the State of Illinois, to New York, twenty-three miles of the distance being in Illinois, both places being on the line of the road.

The Supreme Court held that the provision of the Constitution, giving Congress the power to regulate " commerce among the several States," is exclusive ; that no State has the power to pass laws regulating interstate commerce, although Congress has not acted upon the subject; and that the law of Illinois, so far as it applies to the transportation of freight from places in the interior of Illinois to places in another State under one contract, is unconstitutional and invalid, such transportation being " commerce among the several States." *Wabash, St. Louis, &*

*Pacific Railway* v. *Illinois*, 118 U. S. 557. The principle of this case governs the case at bar.

The statute of Massachusetts undertakes to fix the rates which the defendant shall charge for transportation of freight, not only within this State, but also within the State of Connecticut. It is a more clear and direct regulation of interstate transportation or commerce than is the law of Illinois against unjust discrimination.

We are therefore of opinion that § 2 of the statute we are considering, and the order of the railroad commissioners under it, are invalid, and of no force. It necessarily follows, that the plaintiff cannot maintain this action.

*Judgment for the defendant.*